# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:18-cr-023

                          District Judge Walter H. Rice
- vs -                        Magistrate Judge Michael R. Merz

JESUS MAYORGA GONZALEZ,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant's Motion to Correct a Clear Error of Law and to Prevent Manifest Injustice Pursuant [sic] to Fed.R.Civ.P. 59(e)(ECF No. 105). The Motion was filed July 20, 2021. It does not contain a certificate of deposit in the mail on an earlier date but the signature paged says "respectfully submitted" July 14, 2021. Incarcerated litigants are entitled to count as the date of filing the date on which they deposited a document in the prison filing system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The Court will treat the Motion as filed July 14, 2021.

      Shortly after the Motion was filed, District Judge Rice, to whom the case is assigned, ordered the Clerk to refer the Motion to a Magistrate Judge (ECF No. 106). Although there have been a number of filings in the case since then, there is no further mention of Magistrate Judge involvement in the case until Judge Rice's Entry Clarifying Referral of March 29, 2024 (ECF No.

1

113). The first the undersigned knew of the case and referral was upon reading an early morning March 30 computerized report of filings on March 29. Whatever the Clerk did in response to Judge Rice's Order to refer the case, nothing was brought to the undersigned's attention prior to the date of this Report.

Judge Rice's Clarifying Entry makes clear that the referral is a for a report and recommendations. That is appropriate because a motion under Fed.R.Civ.P. 59 is made post-judgment and any such motions referred to a Magistrate Judge count as "dispositive," requiring a recommendation rather than a decision.

Fed.R.Civ.P. 59(e) is a civil rule. Under Fed.R.Civ.P. 1, the Federal Rules of Civil Procedure govern procedure in "all civil actions and proceedings." Because this is a criminal case and not a civil action, Fed.R.Civ.P. 59(e) is not applicable. The Motion should be denied on that basis.

Defendant Gonzalez is proceeding *pro se* in this case and is therefore entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court could construe the Motion as made under the criminal rule analog to Fed.R.Civ.P. 59(e) which Fed. R. Crim. P. 34 on arresting judgment.

Whether the Motion is construed as made under Fed.R.Civ.P. 59(e) or Fed. R. Crim. P. 34, it is grossly untimely. Each of those Rules provides that a motion must be made within fourteen days of judgment. Judgment was entered in this case June 28, 2019 (ECF No. 82), more than two years before the Motion was filed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 30, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge